**WILDE HANSEN, LLP**
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
David E. Bruggenwirth, Esq.
Nevada Bar no. 9770
208 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
bk@wildelaw.com
Fax: 702 258-8787

and

MARK S. BOSCO, ESQ.
Arizona Bar No. 010167
TIFFANY & BOSCO, P.A.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 255-6000

Wells Fargo Bank, N.A.
07-70538 / 0190953208

Electronically Filed on _____

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

In Re:

Lee F. Levy and Roni Ann Levy

                    Debtor(s).

BK-S-07-12597-bam

Date: 7/8/08
Time: 1:30pm

Chapter 13

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Wells Fargo Bank, N.A. its assignees and/or successors in interest, Secured Creditor herein,

alleges as follows:

1.      That on or about May 5, 2007, the above named Debtors filed their current Chapter 13

Petition in Bankruptcy with the Court.

2.      Secured Creditor is the current payee of a promissory note dated October 8, 2003 in the principal sum of $240,000.00 ("Promissory Note" herein), secured by a Real Property Trust Deed of same date ("Trust Deed" herein) upon property generally described as 97 Ancient Hills Ln., Henderson, NV 89074, and legally described as follows:

> Lot Forty-five (45) in Block Three (3) of THE RESERVE, as shown by map thereof 011 fde in Book 57 of Plats, Page 48, in the Office of the County Recorder of Clark County, Nevada.

("subject property" herein).

3.      Secured Creditor is informed and believes, and, based upon such information and belief, alleges that title to the subject property is currently vested in the name of Debtor.

4.      Secured Creditor will seek leave of Court to specify any further encumbrances against the subject property at the time of hearing.

5.      With respect to secured Creditor's trust deed the following is due and owing:

| | |
|---|---|
| Unpaid Principal Balance | $229,192.15 |
| 2 Monthly Payments at $1,702.24 (March 1, 2008-April 1, 2008) | $3,404.48 |
| 2 Monthly Payments at $1,717.13 (May 1, 2008-June 1, 2008) | $3,434.26 |
| 2 Late Charges at $69.08 each (March 16, 2008-April 16, 2008) | $    138.16 |
| 1 Late charge at $68.69 (May 16, 2008) | $      68.69 |
| Motion Filing Fee | $    150.00 |
| Attorneys Fees | $    750.00 |
| Total Arrearages | $7,945.59 |

Furthermore, a payment becomes due on July 1, 2008 and on the first (1st) day of every month thereafter, and a late charge becomes due on any payment not paid within fifteen (15) days from the date the monthly payment is due.

6.      Secured Creditor has elected to initiate foreclosure proceedings on the Property with respect to the subject Trust Deed; however Secured Creditor is precluded from proceeding to publish the necessary notices and commence said foreclosure action during the pendency of this Bankruptcy.

7.      Secured Creditor has incurred to date attorney's fees of approximately $750.00.

8.  Pursuant to the Debtor's Schedule "A", the Fair Market Value of the Property is $540,000.00. A true and correct copy of the Debtor's Schedule "A" is attached hereto as Exhibit "A".

9.  Secured Creditor urges that this Court issue and Order herein permitting this Secured Creditor to proceed to a Foreclosure Sale of the Property, including necessary action to obtain possession of the Property.

10. Secured Creditor's Information Sheet as to the extent of liens and encumbrances against the subject property is attached hereto as Exhibit "B" and incorporated herein by reference.

11. Rick A. Yarnall has been appointed by this Court the Chapter 13 Trustee in this instant Bankruptcy proceeding. By virtue of the position as Trustee of the estate of Debtor herein, Debtor holds title to the subject property in that capacity. To the extent the relief sought herein is granted, Respondent, Rick A. Yarnall, Trustee, is bound any such judgment.

12. This Court has jurisdiction of this action pursuant to the provisions of 11 U.S.C. Section 362(d).

13.  Secured Creditor asserts that a foreclosure proceeding has not been initiated concerning the subject property. As a result, Secured Creditor asks the Court to waive the requirement of notifying other lienholders as detailed in Local Rule 4001 (a)(1). Such lienholders will be notified of a foreclosure proceeding if and when one is initiated.

WHEREFORE, Secured Creditor prays judgment as follows:

(1)  For an order granting relief from the Automatic Stay, and permitting this Secured Creditor to move ahead with foreclosure proceedings under this Secured Creditor's Trust Deed and to sell the subject property at a Foreclosure Sale under the items of said Trust Deed, including necessary action to obtain possession of the Property.

(2)  For a finding that Rule 4001(a)(3) of the Rules of Federal Bankruptcy Procedure is not applicable and Secured Creditor may immediately enforce and implement the order for relief from the automatic stay.

(3)    In the alternative, an Order requiring the Debtor to reinstate and maintain all obligations due under all of the trust deeds encumbering the subject property and further allowing Secured Creditor with the remedies to proceed with foreclosure should the Debtor not maintain payments.

(4)    For attorneys' fees and costs of suit incurred herein.

(5)    For such other and further relief as this Court deems appropriate.

DATED _____ 6/11/08 _____.

WILDE HANSEN, LLP

By_____
GREGORY L. WILDE, ESQ.
DAVID E. BRUGGENWIRTH, ESQ.
Attorneys for Secured Creditor
208 South Jones Boulevard
Las Vegas, Nevada 89107

ASSIGNMENT OF MORTGAGE WITHOUT COVENANTS IND. OR CORP.
CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT - THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

KNOW THAT

American Brokers Conduit
520 Broadhollow Road
Melville, NY 11747

assignor,

in consideration of      TEN                    dollars,

paid by

        Wells Fargo Home Mortgage Inc.

assignee,

hereby assigns unto the assignee,
        Mortgage dated            October 8, 2003

made by   Lee Levy & Roni Ann Levy

to   American Brokers Conduit

in the principal sum of $240,000.00    intended to be recorded nearly simultaneously herewith
in the Office of the   County Clerk    of the County of Clark      , covering premises
commonly known as 97 Ancient Hills Lane, Henderson, NV 89074
                         , which premises are more particularly described in the aforesaid
mortgage being assigned herewith.

THIS ASSIGNMENT IS NOT SUBJECT TO THE REQUIREMENTS OF SECTION 275 OF THE
REAL PROPERTY LAW BECAUSE IT IS AN ASSIGNMENT IN THE SECONDARY
MORTGAGE MARKET.

Together with the bond or note or obligation described in said mortgage, and the monies due and to
grow due thereon with the interest; TO HAVE AND TO HOLD the same unto the assignee and to
the successors, legal representatives and assigns of the assignee forever.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees"
whenever the sense of this instrument so requires.

IN WITNESS WHEREOF, the assignor has duly executed this assignment the 8th day of   October 2003

American Brokers Conduit
BY:

    JODYE FREEDMAN
    Authorized Signatory

BY: American Brokers Conduit

    JANET OLITA
    Asst. Secretary

Document No. 961901/Form Name AH100501/(10/97)

This Instrument Prepared By: American Brokers Conduit, address: 520 BROADHOLLOW ROAD, MELVILLE, NEW YORK 11747, TEL. NO: (516) 949- 3900.

_____ACKNOWLEDGMENT_____

State Of New York

County of Suffolk

JANET ORTIZ

On the 8th day of October in the year 2003, before me, undersigned, a notary public in and for the state, personally appeared Jodi~~n Freed~~man, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed in the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

Section
Block       3
Lot         45
APN#        178-16-311-098
County      Clark

ANDREW VALENTINE
Notary Public, State of New [York]
No. 41.4888693
Qualified in Queens County
Commission Expires March 16

## Collateral Check List

Application Number  0000422380
Borrower(s) Lee Levy
            Roni Ann Levy

Property Address
97 Ancient Hills Lane
Henderson,NV  89074

THE FOLLOWING DOCUMENTS MUST BE ATTACHED FOR A COMPLETE COLLATERAL
PACKAGE.

_____ Signed Note (Original)

_____ Signed Mortgage with Legal Description (Copy)

_____ Signed PUD Rider (Copy)

_____ Two Fully Executed Blank Assignments (Originals)

_____ Power of Attorney (Copy), if applicable

_____ Title Policy or Commitment (Copy)

Document No 900302 (8/2001)



# NOTE

$236\ 6600$

October 8, 2003                          Las Vegas                          Nevada
    [Date]                                    [City]                            [State]

97 Ancient Hills Lane, Henderson, NV   89074
                   [Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 240,000.00      (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is  American Brokers Conduit

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      5.625 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the   1st      day of each month beginning on  December 1, 2003      . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on  November 1, 2033      , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at    520 Broadhollow Road, Melville, NY   11747
                        or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 1,381.58

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

DOC #:316691                                    APPL #:0000427380
MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

UM51 0045
-5N (0005)          Form 3200 1/01
VMP MORTGAGE FORMS - (800)521-7291

Page 1 of 3          Initials



## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of  15  calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be  5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.



Form 3200 1/81

Initials

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
Lee Levy                         -Borrower

_____ (Seal)
Roni Ann Levy                    -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

Wells Fargo Home Mortgage Inc.

*[Sign Original Only]*

PAY TO THE ORDER OF
WITHOUT RECOURSE
BY: American Brokers Conduit
_____
JANET ORTIZ
Asst. Secretary

WITHOUT RECOURSE
PAY TO THE ORDER OF

Wells Fargo Home Mortgage, Inc.

By _____
Deanna Martin
Assistant Vice President

*2366600*

AMER HOME
1137

TRK# 63471534254 9

RECEIVE
83
OCT 2 1 2003
By Paula C

**MASTER BAILEE LETTER**
October 20, 2003

Wells Fargo Home Mortgage Inc
A California Corporation
3200 Robbins Road
Springfield, IL 62704
Attn: Receiving

Re: Mortgage Loan Custodial Agreement among UBS Warburg Real Estate Securities Inc., Bankers Trust Company, American Home Mortgage, Marina Mortgage Company Inc. and Columbia National, Inc.

Ladies and Gentlemen:

Subject to the terms and conditions set forth below, we hereby transmit the originally executed promissory note (the "Mortgage Note") relating to the above-referenced mortgage loan (the "Mortgage Loan"). We have released possession of the Mortgage Note to you only in reliance on your agreement with the terms and conditions set forth below.

By your acceptance of the Mortgage Loan, you acknowledge that (i) UBS Warburg Real Estate Securities Inc. ("UBSWRES") has a perfected first-lien security interest in the Mortgage Loan and (ii) you have received possession of the Mortgage Note along with certain other documents compromising the related mortgage files (together with the Mortgage Note, the "Mortgage Documents"), in trust, as bailee for and agent of Bankers Trust Company ("Custodian")(which holds the Mortgage Documents as custodian and bailee for the benefit of UBSWRES), pursuant to the provision of the Uniform Commercial Code. Until your status as bailee is terminated as set forth below, you agree not to deliver the Mortgage Note to Seller or any third party and to act only as agent for the Custodian with respect to the Mortgage Documents.

Your status and obligations as bailee shall automatically terminate, without further action by any party, upon earliest to occur of (i) payment of the full amount of the purchase price specified in our original purchase commitment plus any servicing released premium specified in such purchased commitment (the "Purchased Price") for such Mortgage Loan to PWRES (the "Purchase Date") or (ii) return of the Mortgage Documents to Custodian, as set forth below. PWRES agrees that its security interest in the Mortgage Documents and all of PWRES's rights, title, and interest it may have in and to the related Mortgage Loans purchased by your, are and shall be fully released effective as of the Purchase Date.

For purposes of the Purchase Date set forth above, the Purchase Price shall be deemed paid in full when UBSWRES receives a federal wire transfer in the amount of the Purchase Price sent to UBSWRES as follows:

CHASE MANHATTAN BANK
ABA 021000021
UBS Warburg Real Estate  Conduit Account # 9301035581.

You agree only to send payments to UBSWRES, as specified above, and not to honor a change in the above wire transfer or mailing instructions unless provided in writing and signed by UBSWRES.

You agree to deliver the Mortgage Documents:  (a) Upon your receipt of UBSWRES's written request therefor (provided that such request is received by you prior to your payment of the Purchase Price); or (b) promptly, in the event that you elect not to purchase the Mortgage Loan, or in the event that the Mortgage Note is defective and requires correction.  In the alternative, you agree to take such other action with respect to the Mortgage Note and the related Mortgage Documents as may be agreed upon in writing between PWRES and you.  Any delivery by you to Custodian shall be made by express mail to the address of Custodian set forth above.

Sincerely,

**Deutsche Bank Trust Company Americas**
as Custodian, formerly known as Bankers Trust
Company as Custodian

By: _____

Kevin R. Fischer
Vice President

HHM - LNzt 422380

Assessor's Parcel Number: 178-16-311-098,    WF # 0190953208

Levy

After Recording Return To:

American Brokers Conduit
520 Broadhollow Road
Melville, NY 11747

Prepared By:  Jaleka McDaniel

Recording Requested By:

——————————————— [Space Above This Line For Recording Data] ———————————

DOC ID #:

### DEED OF TRUST
(Line of Credit)

THIS DEED OF TRUST, dated October 8th  , 2003, is between Lee F. Levy, Roni Ann Levy

residing at    97 Ancient Hills Lane, Henderson, NV 89074

the person or persons signing as "Grantor(s)" below and hereinafter referred to as "we" or "us" and
National Title Co.
as trustee and hereinafter referred to as the "Trustee," with an address at    714 e. Sahara Avenue,
Las Vegas, NV 89104
for the benefit of  American Brokers Conduit

with an address at   520 Broadhollow Road, Melville, NY 11747

and hereinafter referred to as "you" or the "Beneficiary."

PREMISES: In consideration of the loan hereinafter described, we hereby mortgage, grant and convey
to the Trustee the premises located at:    97 Ancient Hills Lane,
                                                     Street, Municipality
Clark            Nevada        89074  (the "Premises").
     County                      Zip
and further described as:
see attached exhibit for legal description

The Premises includes all buildings and other improvements now or in the future on the Premises and all
rights and interests which derive from our ownership, use or possession of the Premises and all
appurtenances thereto.

HELOC - NV Deed of Trust
FE-3131(NV) (2005)

Page 1 of 5

1/98

LOAN: The Deed of Trust will secure your loan in the principal amount of $  30,000.00    or so much thereof as may be advanced and readvanced from time to time to  Lee F. Levy, Roni Ann Levy

the Borrower(s) under the Home Equity Credit Line Agreement and Disclosure Statement (the "Note") dated 10/08/2003    , plus interest and costs, late charges and all other charges related to the loan, all of which sums are repayable according to the Note. This Deed of Trust will also secure the performance of all of the promises and agreements made by us and each Borrower and Co-Signer in the Note, all of our promises and agreements in this Deed of Trust, any extensions, renewals, amendments, supplements and other modifications of the Note, and any amounts advanced by you under the terms of the section of this Deed of Trust entitled "Our Authority To You." Loans under the Note may be made, repaid and remade from time to time in accordance with the terms of the Note and subject to the Credit Limit set forth in the Note.

OWNERSHIP: We are the sole owner(s) of the Premises. We have the legal right to mortgage, grant and convey the Premises to the Trustee.

BORROWER'S IMPORTANT OBLIGATIONS:

(a) TAXES: We will pay all real estate taxes, assessments, water charges and sewer rents relating to the Premises when they become due. We will not claim any credit on, or make deduction from, the loan under the Note because we pay these taxes and charges. We will provide you with proof of payment upon request.

(b) MAINTENANCE: We will maintain the building(s) on the Premises in good condition. We will not make major changes in the building(s) except for normal repairs. We will not tear down any of the building(s) on the Premises without first getting your consent. We will not use the Premises illegally. If this Deed of Trust is on a unit in a condominium or a planned unit development, we shall perform all of our obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development and constituent documents.

(c) INSURANCE: We will keep the building(s) on the Premises insured at all times against loss by fire, flood and any other hazards you may specify. We may choose the insurance company, but our choice is subject to your reasonable approval. The policies must be for at least the amounts and the time periods that you specify. We will deliver to you upon your request the policies or other proof of the insurance. The policies must name you as "mortgagee" and "loss-payee" so that you will receive payment on all insurance claims, to the extent of your interest under this Deed of Trust, before we do. The insurance policies must also provide that you be given not less than 10 days prior written notice of any cancellation or reduction in coverage, for any reason. Upon request, we shall deliver the policies, certificates or other evidence of insurance to you. In the event of loss or damage to the Premises, we will immediately notify you in writing and file a proof of loss with the insurer. You may file a proof of loss on our behalf if we fail or refuse to do so. You may also sign our name to any check, draft or other order for the payment of insurance proceeds in the event of loss or damage to the Premises. If you receive payment of a claim, you will have the right to choose to use the money either to repair the Premises or to reduce the amount owing on the Note.

(d) CONDEMNATION: We assign to you the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Premises, or part thereof, or for conveyance in lieu of condemnation, all of which shall be paid to you, subject to the terms of any Prior Deed of Trust.

(e) SECURITY INTEREST: We will join with you in signing and filing documents and, at our expense, in doing whatever you believe is necessary to perfect and continue the perfection of your lien and security interest in the Premises

(f) OUR AUTHORITY TO YOU: If we fail to perform our obligations under this Deed of Trust, you may, if you choose, perform our obligations and pay such costs and expenses. You will add the amounts you advance to the sums owing on the Note, on which you will charge interest at the interest rate set forth in the Note. If, for example, we fail to honor our promises to maintain insurance in effect, or to pay filing fees, taxes or the costs necessary to keep the Premises in good condition and repair or to perform any of our other agreements with you, you may, if you choose, advance any sums to satisfy any of our agreements with you and charge us interest on such advances at the interest rate set forth in the Note. This Deed of Trust secures all such advances. Your payments on our behalf will not cure our failure to perform our promises in this Deed of Trust. Any replacement insurance that you obtain to cover loss or damages to the Premises may be limited to the amount owing on the Note plus the amount of any Prior Deeds of Trust.

Doc # 940944/ Image: F31313NV.pro  App#: 0000423042

(g) PRIOR DEED OF TRUST: If the provisions of this paragraph are completed, this Deed of Trust is subject and subordinate to a prior deed of trust dated    October 8, 2003    and given by us for the benefit of    American Brokers Conduit

as beneficiary, in the original amount of $    240,000.00    (the "Prior Deed of Trust"). We shall not increase, amend or modify the Prior Deed of Trust without your prior written consent and shall upon receipt of any written notice from the holder of the Prior Deed of Trust promptly deliver a copy of such notice to you. We shall pay and perform all of our obligations under the Prior Deed of Trust as and when required under the Prior Deed of Trust.

(h) HAZARDOUS SUBSTANCES: We shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Premises. We shall not do, nor allow anyone else to do, anything affecting the Premises that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Premises of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Premises. As used in this paragraph, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and the radioactive materials. As used in this paragraph, "Environmental Law" means federal laws and laws of the jurisdiction where the Premises are located that relate to health, safety or environmental protection.

(i) SALE OF PREMISES: We will not sell, transfer ownership of, mortgage or otherwise dispose of our interest in the Premises, in whole or in part, or permit any other lien or claim against the Premises without your prior written consent.

(j) DUE-ON-SALE: In the event that we, or any successor to our interest in the Premises, sells or contracts to sell or transfers any interest in the Premises, either voluntarily or involuntarily, at your option, you may declare the full amount owed under the Note and secured by this Deed of Trust immediately due and payable even though the time for maturity as expressed in the Note may not have arrived.

(k) INSPECTION: We will permit you to inspect the Premises at any reasonable time.

NO LOSS OF RIGHTS: The Note and this Deed of Trust may be negotiated or assigned by you without releasing us or the Premises. You may add or release any person or property obligated under the Note and this Deed of Trust without losing your rights in the Premises.

DEFAULT; ACCELERATION: Except as may be prohibited by applicable law, and subject to any advance notice and cure period if required by applicable law, if any event or condition described in Paragraph 12.A of the Note occurs, you may declare all amounts secured by this Deed of Trust immediately due and payable and the Trustee may foreclose upon this Deed of Trust or sell the Premises at a public sale. This means that you or the Trustee may arrange for the Premises to be sold, as provided by law, in order to pay off what we owe on the Note and under this Deed of Trust. If the money you receive from the sale is not enough to pay off what we owe you, we will still owe you the difference which you may seek to collect from us in accordance with applicable law. In addition, you or the Trustee may, in accordance with applicable law, (i) enter on and take possession of the Premises; (ii) collect the rental payments, including over-due rental payments, directly from tenants; (iii) manage the Premises; and (iv) sign, cancel and change leases. We agree that the interest rate set forth in the Note will continue before and after a default, entry of a judgment and foreclosure or public sale. In addition, you shall be entitled to collect all reasonable fees and costs actually incurred by you in proceeding to foreclosure or to public sale, including, but not limited to, trustee's fees, reasonable attorneys' fees and costs of documentary evidence, abstracts and title reports.

ABSOLUTE ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER: We hereby unconditionally assign to you the rents of the Premises. Nevertheless, you will allow us to use the rents, if any, until such time as any event or condition of default as described in Paragraph 12.A of the Note occurs. You or a receiver appointed by the courts shall be entitled to enter upon, take possession of and manage the Premises and collect the rents of the Premises including those past due.

WAIVERS. To the extent permitted by applicable law, we waive and release any error or defects in proceedings to enforce this Deed of Trust and hereby waive the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale and homestead exemption.

FE-313 1INV1 (0105)                Page 3 of 5                Initial

Doc # 940945/ Image: FJ1313.INV.prn    App#: 0000423062

**BINDING EFFECT:** Each of us shall be fully responsible for all of the promises and agreements in this Deed of Trust. Until the Note has been paid in full and your obligation to make further advances under the Note has been terminated, the provisions of this Deed of Trust will be binding on us, our legal representatives, our heirs and all future owners of the Premises. This Deed of Trust is for your benefit and for the benefit of anyone to whom you may assign it. Upon payment in full of all amounts owing to you under the Note and this Deed of Trust, and provided any obligation to make further advances under the Note has terminated, this Deed of Trust and your rights in the Premises shall end.

**NOTICE:** Except for any notice required under applicable law to be given in another manner, (a) any notice to us provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by regular first class mail addressed to us at the last address appearing in your records or at such other address as we may designate by notice to you as provided herein, and (b) any notice to you shall be given by certified mail, return receipt requested, to your address at 97 Ancient Hills Lane, Henderson, NV 89074

or to such other address as you may designate by notice to us. Any notice provided for in this Deed of Trust shall be deemed to have been given to us or you when given in the manner designated herein.

**RELEASE:** Upon payment of all sums secured by this Deed of Trust and provided your obligation to make further advances under the Note has terminated, the Trustee shall discharge this Deed of Trust without charge to us, except that we shall pay any fees for recording of a satisfaction of this Deed of Trust.

**GENERAL:** You or the Trustee can waive or delay enforcing any of your rights under this Deed of Trust without losing them. Any waiver by you of any provisions of this Deed of Trust will not be a waiver of that or any other provision on any other occasion.

**TRUSTEE:** Trustee accepts the trusts herein created when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. Trustee, by its acceptance hereof, agrees to perform and fulfill the trusts herein created, and shall be liable only for its negligence or misconduct. The Trustee waives any statutory fee and agrees to accept reasonable compensation from Grantor for any services rendered by it in accordance with the terms of this Deed of Trust. Upon receipt by Trustee of instructions from Beneficiary at any time or from time to time, Trustee shall (a) give any notice or direction or exercise any right, remedy or power hereunder or in respect of the Premises as shall be specified in such instructions, and (b) approve as satisfactory all matters required by the terms hereof to be satisfactory to Trustee or Beneficiary. Trustee may, but need not, take any of such actions in the absence of such instructions. Trustee may resign at any time upon giving of not less than 30 days' prior notice to Beneficiary, but will continue to act as trustee until its successor shall have been chosen and qualified. In the event of the death, removal, resignation, or refusal or inability to act of Trustee, Beneficiary shall have the irrevocable power, with or without cause, without notice of any kind, without specifying any reason therefor, and without applying to any court, to select and appoint a successor trustee by filing a deed or other instrument of appointment for record in each office in which this Deed of Trust is recorded, and upon such recordation the successor trustee shall become vested with the same powers, rights, duties and authority of the Trustee with the same effect as if originally made Trustee hereunder. Such successor shall not be required to give bond for the faithful performance of its duties unless required by Beneficiary.

THIS DEED OF TRUST has been signed by each of us under seal on the date first above written.

WITNESS:

_____     _____ (SEAL)
                                     Grantor:  Lee F. Levy

_____     _____ (SEAL)
                                     Grantor:  Roni Ann Levy

_____     _____ (SEAL)
                                     Grantor:

_____     _____ (SEAL)
                                     Grantor:

FE-3131(NV) 03-01                          Page 4 of 5

Doc #: 960946/  Image: F31131NV.prn    Appl#: 0000423062

STATE OF NEVADA
COUNTY OF  Clark

This instrument was acknowledged before me on  October   8th,   2003 _____ by

Lee F Levy + Boni Ann Levy _____

_____

_____

_____

Notary Public - State of Nevada
County of Clark
LESLIE F. BIAGGI
My Appointment Expires
February 1, 2006

Mail Tax Statements To:

FE-3131(NV)(0108)                    Page 5 of 5

EXHIBIT "A"

Lot Forty-five (45) in Block Three (3) of THE RESERVE, as shown by map thereof on file in Book 57 of Plats, Page 48, in the Office of the County Recorder of Clark County, Nevada.

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this  8th                              day of
October, 2003                                , and is incorporated into and shall be
deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument")
of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to
American Brokers Conduit

(the
"Lender") of the same date and covering the Property described in the Security Instrument and located at:

97 Ancient Hills Lane, Henderson, NV  89074

[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other
such parcels and certain common areas and facilities, as described in    The Deed, The Declaration
of Covenants, Conditions and Restrictions

(the "Declaration"). The Property is a part of a planned unit development known as
THE RESERVE

[Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent
entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the
uses, benefits and proceeds of Borrower's interest.

PUD COVENANTS. In addition to the covenants and agreements made in the Security Instrument,
Borrower and Lender further covenant and agree as follows:

A. PUD Obligations. Borrower shall perform all of Borrower's obligations under the PUD's
Constituent Documents. The "Constituent Documents" are the (i) Declaration; (ii) articles of incorporation,
trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or
other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and
assessments imposed pursuant to the Constituent Documents.

DOC  #:319821       APPL #:0000423062
MULTISTATE PUD RIDER - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

UM31 0008                      Page 1 of 3                         Initials:
-7R (0008)                    VMP MORTGAGE FORMS - (800)521-7291                   Form 3150 1/01

B. Property Insurance. So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

C. Public Liability Insurance. Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

D. Condemnation. The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

E. Lender's Prior Consent. Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

F. Remedies. If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

DOC #:319822          APPL #:0000423062

Initials:

-7R (0008)                    Page 2 of 3                    Form 3150 1/01

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_____ (Seal)      *Roni Ann Levy* _____ (Seal)
Lee F. Levy                                    -Borrower        Roni Ann Levy                              -Borrower

_____ (Seal)      _____ (Seal)
                                               -Borrower                                                     -Borrower

_____ (Seal)      _____ (Seal)
                                               -Borrower                                                     -Borrower

_____ (Seal)      _____ (Seal)
                                               -Borrower                                                     -Borrower

DOC #:319823      APPL #:0000423062

-7R (0008)                              Page 3 of 3                              Form 3150 1/01

CLARK COUNTY, NEVADA
FRANCES DEANE, RECORDER
RECORDED AT THE RECUEST OF:
NATIONAL TITLE COMPANY

10-14-2003      14:54      DGI

BOOK/INSTR:20031014-03112
TRUST DEED
PAGE COUNT:      9

FEE:      47.00
RPTT:      .00

NON-COMPLIANCE CHARGE INC: 25.00

RECEIPT/CONF. COPY - HAS NOT BEEN COMPARED TO THE ORIGINAL

Form B6A
(10/05)

In re    Lee F Levy,                                                    Case No. _____
         Roni Ann Levy,
                                           _____,
                                                  Debtors

# SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Single Family Home**<br>**97 Ancient Hills Lane**<br>**Henderson, NV 89074** | **Joint tenant** | **C** | **540,000.00** | **390,420.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | **540,000.00** | (Total of this page) |
| Total > | **540,000.00** |  |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                Best Case Bankruptcy

EXHIBIT 

## ** SECTION 362 INFORMATION SHEET **

Lee Levy and Roni Levy
DEBTOR

07-12597-bam
BANKRUPTCY NO. MOTION NO.

Wells Fargo Bank. N.A.
MOVANT

_____ 13 _____
CHAPTER FILED

PROPERTY INVOLVED IN THIS MOTION: 97 Ancient Hills Ln. . Henderson NV 89074

NOTICE SERVED ON: Debtor(s) ____X_____; Debtor (s) Counsel _____X____; Trustee _____X_____

DATE OF SERVICE: _____

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st_Wells Fargo Bank, N.A. $229.192.15 (PB) | 1st _____ |
| 2nd Countrywide $161,228.00 | 2nd _____ |
| 3rd | 3rd _____ |
| Other | 4th _____ |
| Total Encumbrances:  $390,420.15 | Other _____ |
| APPRAISAL or OPINION as to VALUE: | Total Encumbrances: $_____ |
| "Per attached Schedule "A'" $540,000.00 | APPRAISAL or OPINION as to VALUE: |

| TERMS OF MOVANT'S CONTRACT WITH THE DEBTOR | OFFER OF "ADEQUATE PROTECTION" FOR MOVANT: |
|---|---|
| Amount of Note: $240.000.00<br>Interest Rate: 5.625<br>Duration: November 1, 2033<br>Payment Per Month: $1,717.13<br>Date of Default: March 1, 2008<br>Amount of Arrearages: $7.945.59<br>Date of Notice of Default: June 9, 2008<br>SPECIAL CIRCUMSTANCES: I, Gregory L. Wilde, hereby certify that an attempt has been made to confer with debtor(s) counsel or with debtor(s) and that more than two (2) business days have expired, and that after sincere effort to do so, counsel has been unable to resolve this matter without court action.<br><br>SUBMITTED BY: _____<br><br>SIGNATURE: _____ | <br><br><br><br><br><br>SPECIAL CIRCUMSTANCES:<br><br>SUBMITTED BY: _____<br><br>SIGNATURE: _____ |

EXHIBIT